IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STARSTONE NATIONAL INSURANCE COMPANY,<br><br>        Plaintiff,<br>v.<br><br>TAMISHA HUDSON, Individually and as Administrator of the Estate of DALLAS L. SPRUILL, Deceased; ADDISON HASID VI, LLC; MMG MANAGEMENT, LLC; ADDISON CAPITAL, LLC; and BH HASID, LLC;<br><br>        Defendants. | CIVIL ACTION NO. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff StarStone National Insurance Company ("StarStone") shows this Honorable Court the following:

*Nature of Action*

1. This case is an action for declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between StarStone and the Defendants, i.e., that StarStone owes no insurance

coverage obligations to any of the Defendants in connection with the claims asserted in the lawsuit styled *Tamisha Hudson, Individually and as Administrator of the Estate of Dallas L. Spruill, Deceased v. Addison Hasid VI, LLC*, State Court of Fulton County, Civil Action File No. 18EV002647, removed to United States District Court, Northern District of Georgia, Civil Action No. 1:18-cv-03694-CC ("Underlying Lawsuit").

## *Parties*

2.      StarStone is a Delaware corporation with its principal place of business in New Jersey.

3.      Defendant Addison Hasid VI, LLC is a Florida limited liability company.

4.      Addison Hasid VI, LLC's members are, upon information and belief and publically available information, are Addison Capital, LLC and BH Hasid, LLC.[1] Collectively, Addison Hasid VI, LLC, Addison Capital, LLC and BH Hasid, LLC shall be called "Addison Hasid."

5.      Addison Capital, LLC is a limited liability company whose sole member is Aryeh Kieffer, a domiciliary and citizen of Florida.

---

[1] Addison Capital, LLC and g, LLC are currently involved in a dispute over the ownership of Addison Hasid. Both companies have represented in this Court that they do not have any members that are citizens of Georgia. Their counsel have confirmed none are citizens of New Jersey or Delaware.

6. BH Hasid, LLC is a limited liability company whose sole member is an Israeli Limited Company.

7. On information and belief, and based upon pleadings filed by Addison Hasid, neither Addison Capital, LLC nor BH Hasid, LLC have any members who are domiciled in Georgia, New Jersey, or Delaware.

8. Defendant MMG Management, LLC ("MMG") is a Georgia limited liability company.

9. Defendant MMG's members are Mike Furr and Bryan Brinson.

10. Mike Furr is a domiciliary and citizen of Georgia.

11. Bryan Brinson is a domiciliary and citizen of Georgia.

12. Defendant Tamisha Hudson ("Hudson") is the duly appointed Administrator of the Estate of Dallas L. Spruill ("Spruill"), deceased.

13. Hudson is a domiciliary and citizen of Georgia.

*Jurisdiction and Venue*

14. Defendant Addison Hasid is subject to personal jurisdiction and venue in this Court.

15. Defendant MMG is subject to personal jurisdiction and venue in this Court.

16. Defendant Hudson is subject to personal jurisdiction and venue in this Court.

17. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

18. Plaintiff is a citizen of a different state than all Defendants.

19. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

20. This Court also has jurisdiction pursuant to 28 U.S.C. § 2201, in that StarStone is seeking a declaration from this Court regarding the parties' rights and obligations with respect to an insurance policy issued by StarStone.

*Background Facts: Underlying Lawsuit*

21. Hudson filed her Complaint in the Underlying Lawsuit on June 7, 2018 in the State Court of Fulton County, State of Georgia, civil action number 18EV002647.

22. A true and accurate copy of that Complaint is attached hereto as Exhibit A.

23. The Complaint was removed to Federal Court, in the Northern District of Georgia, civil action number 1:18-cv-03694-CC.

24. Hudson moved to add MMG as a party defendant in February of 2019.

25. The Federal Court granted the motion to add MMG as a party defendant in March of 2019.

26. In March of 2019, the Federal Court remanded the case back to the State Court of Fulton County, State of Georgia.

27. In her Complaint and related pleadings, Hudson alleged that Spruill was shot and killed on February 10, 2017 while on the premises of the Sierra Ridge Apartments, located at 3020 Delmar Lane NW, Atlanta, GA 30311 ("Sierra Ridge").

28. On February 10, 2017, Spruill's death was caused by multiple gun shots by the assailant.

29. In her Complaint, Hudson alleged that Spruill was an invitee of Sierra Ridge at the time of that incident.

30. In her Complaint, Hudson alleged that Addison Hasid owned the premises of Sierra Ridge Apartments.

31. Addison Hasid does own the Sierra Ridge Apartment business and premises.

32. In a motion for leave to file an amended complaint, Spruill alleged that MMG was the property manager of Sierra Ridge Apartments.

33. MMG was the property manager of the Sierra Ridge Apartments at the time of the incident.

34. The Underlying Lawsuit seeks to recover punitive damages.

35. Addison Hasid had notice of the February 10, 2017 incident at Sierra Ridge Apartments involving Spruill on or about February 10, 2017.

36. MMG had notice of the February 10, 2017 incident at Sierra Ridge Apartments involving Spruill on or about February 10, 2017.

37. StarStone first received notice of the events giving rise to the Underlying Lawsuit on July 9, 2018.

38. StarStone first received notice of the Underlying Lawsuit on July 9, 2018.

39. StarStone sent Addison Hasid a reservation of rights letter on October 17, 2018.

40. A copy of the StarStone reservation of rights letter to Addison Hasid is attached hereto as Exhibit B.

41. In March of 2019, Hudson entered into a settlement with Arch Insurance Company for its policy limits.

42. In March of 2019, StarStone assumed the defense of Addison Hasid subject to its original reservation of rights.

43. In May of 2019, StarStone was asked to provide a defense to MMG.

44. StarStone sent MMG Management a reservation of rights letter on May 29, 2019.

45. A copy of the StarStone reservation of rights letter to MMG Management is attached hereto as Exhibit C.

*Arch Insurance Company's Commercial General Liability Policy*

46. Addison Hasid and MMG Management are insured, on a primary commercial general liability policy by Arch Specialty Insurance Company, Policy No. AGL0041008-00, with policy period 08/30/2016 to 08/30/2017 (the "Arch Policy"), cancelled by endorsement on April 27, 2017.

47. A true and accurate copy of the Arch Policy is attached hereto as Exhibit D.

48. The Arch Policy provides coverage for $1 million for "each occurrence" and $2 million in the aggregate.

49. The Arch Policy provides as follows:

> **1. Insuring Agreement**
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. **[...]**

**b.** This insurance applies to "bodily injury" and "property damage" only if:
**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory" **[...]**

50. The Arch Policy provides the following exclusion by endorsement:

**PUNITIVE DAMAGES EXCLUSION ENDORSEMENT**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability**:

This insurance does not apply to any claim, "suit", demand or loss for punitive damages, treble damages, fines, penalties or exemplary damages **[...]**

51. The Arch Policy contains the following provisions:

SECTION II – WHO IS AN INSURED

2. Each of the following is also an insured:

   b. Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

52. The Arch Policy contains the following conditions:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**[...]**

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
**(1)** How, when and where the "occurrence" or offense took place;
**(2)** The names and addresses of any injured persons and witnesses; and

    **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

    **b.** If a claim is made or "suit" is brought against any insured, you must:
    **(1)** Immediately record the specifics of the claim or "suit" and the date received; and
    **(2)** Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    **c.** You and any other involved insured must:
    **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
    **(2)** Authorize us to obtain records and other information;
    **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
    **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

53.     The Arch Policy contains the following definitions:

    **SECTION V – DEFINITIONS**

    **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

54.     In March of 2019, Arch paid its policy limits to Hudson and withdrew its defense of Addison Hasid.

*StarStone Specialty Insurance Company's Following Form Excess Liability Policy*

55.     Torus Specialty Insurance Company, whose name was changed to StarStone Specialty Insurance Company as reflected in a policy endorsement, issued a Following Form Liability policy ("Policy"), with Policy Number 85310U160ALI to Addison Hasid VI , LLC as the Named Insured, for the policy

period of October 4, 2016 to August 30, 2017.

56. A true and accurate copy of the Policy is attached to this complaint as Exhibit E.

57. The Policy's Insuring Agreement provides in part:

> **SECTION I. – COVERAGE**
>
> **A.** This Policy shall provide the Insured with Excess Liability Insurance coverage in accordance with the same warranties, terms, conditions, exclusions and limitations as are contained, on the Inception
> Date of this Policy, in the **Followed Policy** set forth in Item 7. of the Declarations of this Policy, subject to the premium, limits of liability, retention, policy period, warranties, exclusions, limitations and any other terms and conditions of this Policy including any and all endorsements attached hereto, inconsistent with or supplementary to the **Followed Policy**.
>
> **B.** Notwithstanding **A.** above, in no event shall this Policy follow the terms, conditions, exclusions or limitations in the **Followed Policy** or provide coverage under this Policy with respect to or as a result of any of the following clauses or similar clauses in the **Followed Policy**:
> **1.** Liberalization clause;
> **2.** Cancellation, non-renewal or change in terms provisions;
> **3.** State-specific No-fault, Uninsured Motorist or Underinsured Motorist law, or any similar law;
> **4.** Crisis Management or Crisis Response endorsement; or
> **5.** Sublimit of liability, unless coverage for such sublimit is specifically endorsed to this Policy.
>
> **[...]**

58. The Policy includes the following provisions:

> **SECTION III. - RETENTION**
> **A.** The Limits of Liability stated in Item 5. of the Declarations of this Policy apply in excess of:
> **1.** The total of the limits of liability of the **Underlying Policies** applicable on a per occurrence, per claim or per loss basis, but in no event in an amount less than the total of the per occurrence,

per claim or per loss limits of liability of the Underlying Excess Policies stated in Item 6 of the Declarations of this Policy;

**2.** The total of the limits of liability of the **Underlying Policies** applicable on an aggregate basis, where an amount is shown in the aggregate limit of liability of the **Underlying Policies** stated in Item 6 of the Declarations of this Policy, but in no event in any amount less than the aggregate limits of liability of the Underlying Excess Policies stated in Item 6. of the Declarations of this Policy **[...]**

**B.** This Policy will not apply in excess of any reduced or exhausted limits of liability of the **Underlying Policies** to the extent that such reduction or exhaustion is caused by:
**1.** Payment of amounts on account of occurrences or claims that are not covered under this Policy;
**2.** Uncollectibility in whole or in part of the limits of liability of an **Underlying Policy [...]**

59. The Policy conditions further provide:

    **SECTION VI. – CONDITIONS**

    **[...]**

    **F. REQUIRED NOTICES TO INSURER BY INSURED**
    **1. Notice of Occurrence, Offense, Claim or Loss**
    **a.** The Insured shall, as a condition precedent to the obligations of the Insurer under this Policy, give written notice as soon as practicable to the Insurer of any occurrence, offense, claim or suit likely to involve this Policy.

    **b.** Without limiting the requirements of paragraph a. above, the Named Insured shall separately, and as soon as practicable, give written notice to the Insurer when a payment is made or reserve established for any occurrence, offense, claim or suit which has brought the total of all payments and reserves by the Insured, or Underlying Insurers to a level of twenty-five percent (25%) or more of the Underlying Aggregate Limit.

60. The Policy includes the following conditions:

    **G. RESTRICTIVE AS UNDERLYING**

    Notwithstanding any provision to the contrary in this Policy, including, without limitation, the Coverage provisions in Section I of this Policy, if

any **Underlying Policy** with limits in excess of the **Followed Policy** but underlying to this Policy (the "Intervening Policy") contains warranties, terms, conditions, exclusions or limitations more restrictive than the **Followed Policy**, whether on the effective date of this Policy or at any time during the Policy Period of this Policy, then this Policy shall be deemed to follow those more restrictive warranties, terms, conditions, exclusions or limitations of the Intervening Policy.

## *Declaratory Judgment*

### *Count I – Lack of Coverage*

61. StarStone seeks a declaration of rights that there is no coverage under its Policy for the claims asserted in the Underlying Lawsuit.

62. The Policy does not cover any of the claims made in the Underlying Lawsuit and will not cover any damages awarded therein, due to the failures of any insured to comply with the StarStone policy's terms and conditions with respect to the occurrences of February 10, 2017, at Sierra Ridge Apartments which resulted in the death of Spruill.

63. StarStone was not notified as soon as practicable of the February 10, 2017 occurrences at Old Town Villa Apartments involving Spruill, which at that time constituted "occurrences" under the Policy or an offense which may have resulted in a claim.

64. StarStone did not receive written notice of the occurrences or claims as soon as practicable.

65. Though not required by Georgia law, StarStone was prejudiced by this lack of notice in violation of the conditions of the Policy.

66. StarStone is entitled to a declaratory judgment that Addison Hasid and MMG Management are not covered under the Policy for the Underlying Lawsuit, because conditions precedent for them to be covered under the Policy were breached, including the duties to provide timely notice.

67. Because Addison Hasid and MMG Management are not covered, StarStone owes no duty to defend or indemnify under its Policy.

*Count II – Punitive Damages Exclusion*

68. In the event that coverage exists notwithstanding the insureds failure to comply with the notice requirements of the Policies, StarStone is entitled to a declaratory judgment that Addison Hasid and MMG Management are not covered for any indemnity payments for punitive damages that are claimed in the Underlying Lawsuit.

69. StarStone owes no duty to indemnify Addison Hasid or MMG Management for any award of punitive damages in the Underlying Lawsuit.

70. StarStone relies upon and reserves its rights to rely upon other Policy provisions or legal principles discovered during this action that also may limit or exclude coverage.

WHEREFORE, Plaintiff StarStone Insurance Company prays:

(a) That each and every Defendant be required to respond to the allegations set forth in this *Complaint for Declaratory Judgment*;

(b) That this Court declare that StarStone has no duty to cover or indemnify any of the Defendants for the February 10, 2017 occurrences giving rise to the Underlying Lawsuit, or any judgments or awards in that lawsuit;

(c) For such other relief as this Court deems just and proper.

Respectfully submitted,

**Bovis, Kyle, Burch & Medlin, LLC**

200 Ashford Center North
Suite 500
Atlanta, Georgia  30338-2668
Tel:  (770) 391-9100
Fax: (770) 668-0878
kjackson@boviskyle.com
rbryant@boviskyle.com

/s/ Kim M. Jackson
Ga. State Bar No. 387420

/s/ W. Randal Bryant
Ga. State Bar No. 092039

*Counsel for Plaintiff StarStone Insurance Company*