Case 1:19-cv-02777-TCB   Document 1-1   Filed 06/18/19   Page 1 of 12

State Court of Fulton County
**E-FILED**
18EV002647
6/7/2018 11:08 AM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TAMISHA HUDSON, Individually and as Administrator of the Estate of DALLAS L. SPRUILL, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | CIVIL ACTION FILE NO. _____ |
| ADDISON HASID VI, LLC, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff in the above-styled action and hereby file this Complaint as follows:

1.

On February 10, 2017, Dallas L. Spruill was robbed, shot, and killed on the premises of the Sierra Ridge Apartments, located at 3020 Delmar Lane NW, Atlanta, GA 30311 ("the premises").

2.

Tamisha Hudson is the biological mother of Dallas L. Spruill, deceased.

3.

Tamisha Hudson is the duly appointed Administrator of the Estate of Dallas L. Spruill, deceased. Tamisha Hudson is a resident of the State of Georgia.

4.

Tamisha Hudson is a resident of the State of Georgia.

# EXHIBIT A

5.

Plaintiff Tamisha Hudson, Individually, brings this action for the wrongful death of Dallas L. Spruill.

6.

Plaintiff Tamisha Hudson, as Administrator of the Estate of Dallas L. Spruill, deceased, brings this action for the personal injuries to Dallas L. Spruill and all other estate based claims.

7.

Plaintiff states her intention and desire to bring each permissible, proper, and authorized claim for damages under Georgia law, including general, special, compensatory, consequential, economic, punitive, and other damages as proven by the evidence at trial, including all damages allowable under Georgia's wrongful death and survivorship laws.

8.

Defendant Addison Hasid VI, LLC ("Addison") is a Georgia limited liability company authorized to transact business in the State of Georgia and is subject to the jurisdiction and venue of this Court. Defendant Addison owned, managed, and/or operated the Sierra Ridge Apartments located at 3020 Delmar Lane NW, Atlanta, GA 30311 at the time of the subject shooting. Defendant Addison and its officers, agents and employees, were involved in the acts or omissions in Fulton County, Georgia which give rise to this lawsuit. Defendant Addison committed tortious acts or omissions in Fulton County and is subject to the jurisdiction and venue of this Court.

9.

Service can be made on Defendant Addison by serving its registered agent, Mike Furr, located at 1302 Hightower Trail, Suite 101, Atlanta, GA 30350.

10.

As a direct and proximate result of the Defendants' acts and omissions as set forth below, Dallas L. Spruill (hereinafter "Mr. Spruill") was robbed and killed at the Sierra Ridge Apartments.

11.

Mr. Spruill was an invitee of the Sierra Ridge Apartments and exercised ordinary care and diligence at all times herein and under the circumstances then existing.

12.

At all times mentioned herein, Defendant owned, controlled, operated, and/or managed the premises of the Sierra Ridge Apartments, and had the legal duty to keep the premises in a state consistent with the due regard of the safety of their invitees, including Mr. Spruill.

13.

Defendant breached the duty owed to Mr. Spruill by failing to exercise ordinary care to keep the premises safe.

14.

Prior to and on February 10, 2017, the Sierra Ridge Apartments premises was negligently maintained, inspected, secured, patrolled, and managed. Defendant had knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol and manage said premises, but failed to exercise ordinary care.

15.

Defendant was negligent in failing to maintain, inspect, secure, patrol, and manage the premises, thereby creating an unreasonable risk of injury to invitees, including Mr. Spruill.

16.

Defendant knew of or, with the exercise of due care for the safety of invitees, should have

known of the dangerous and hazardous conditions existing on the premises and the failure to maintain, inspect, secure, patrol, and manage the premises and that said conditions were likely to result in serious injuries to invitees, including Mr. Spruill.

17.

Defendant owed a duty of care to invitees of the Sierra Ridge Apartments, including Mr. Spruill, to provide adequate security measures on the premises.

18.

Prior to and on February 10, 2017, Defendant failed to provide adequate security measures on the premises in breach of its duty of care.

19.

Defendant was aware of security deficiencies on the premises prior to the February 10, 2017 shooting at issue.

20.

Defendant failed to remedy the security deficiencies about which it was on notice prior to the February 10, 2017 shooting at issue.

21.

Defendant negligently failed to warn its invitees, including Mr. Spruill, of the security deficiencies about which it was on notice.

22.

At all times material hereto, despite their obligation to take reasonable steps to provide a safe environment at the Sierra Ridge Apartments, Defendant failed to provide adequate safety for same.

23.

Defendant negligently failed to utilize adequate security devices, including security cameras, to permit proper use of the premises.

24.

Defendant failed to utilize and keep in good repair security cameras on the subject premises.

25.

Defendant failed to employ security guards on the subject premises.

26.

Defendant failed to utilize adequate security personnel, patrols, and/or protocols.

27.

Defendant failed to utilize controlled access gates on the subject premises.

28.

Defendant failed to properly maintain the premises and its approaches.

29.

Defendant failed to utilize adequate lighting in the common areas of the premises.

30.

Mr. Spruill was robbed and killed due to a lack of appropriate security measures on the premises, and other acts of negligence as referenced herein.

31.

The failure of the Defendant to provide appropriate security on the premises contributed to the criminal acts of the unknown assailant(s) which caused Mr. Spruill's death.

23.

Defendant negligently failed to utilize adequate security devices, including security cameras, to permit proper use of the premises.

24.

Defendant failed to utilize and keep in good repair security cameras on the subject premises.

25.

Defendant failed to employ security guards on the subject premises.

26.

Defendant failed to utilize adequate security personnel, patrols, and/or protocols.

27.

Defendant failed to utilize controlled access gates on the subject premises.

28.

Defendant failed to properly maintain the premises and its approaches.

29.

Defendant failed to utilize adequate lighting in the common areas of the premises.

30.

Mr. Spruill was robbed and killed due to a lack of appropriate security measures on the premises, and other acts of negligence as referenced herein.

31.

The failure of the Defendant to provide appropriate security on the premises contributed to the criminal acts of the unknown assailant(s) which caused Mr. Spruill's death.

32.

Defendant knew or, in the exercise of reasonable care, should have known that its lack of adequate security measures and failure to exercise reasonable care for the premises would increase the risk of crimes against property and persons.

33.

At no time prior to the February 10, 2017 shooting did Defendant notify the tenants or guests at the Sierra Ridge Apartments of criminal activity that had occurred on the premises.

34.

Defendant had actual and constructive knowledge of widespread criminal activity existing on and around the premises prior of the subject incident.

35.

Defendant negligently failed to warn invitees, including Mr. Spruill, of the existence of prior criminal activity and the likelihood of further criminal attacks.

36.

Defendant negligently failed to utilize adequate security devices despite having actual and constructive knowledge of widespread criminal activity on the premises and the likelihood of further criminal attacks.  Defendant failed to use security cameras, security guards, adequate fencing, controlled access gates, or other adequate security devices, thereby causing an unreasonable risk of injury and death to invitees of the premises, including Mr. Spruill.

37.

Defendant negligently failed to maintain appropriate physical barriers to prevent unauthorized entry to the Sierra Ridge Apartments, which created an unreasonable risk of injury and death to invitees of the premises, including Mr. Spruill.

38.

Defendant knew or, in the exercise of reasonable care, should have known that its failure to provide reasonable and appropriate security measures on the premises would attract criminal elements to the premises and thus increase the risk that invitees of the premises would be victims of violent crime.

39.

Defendant knew or, in the exercise of reasonable care, should have known of the dangerous and hazardous conditions existing on the premises, and that said conditions were likely to result in the injuries sustained by Plaintiff.

40.

Defendant breached said duties to Dallas L. Spruill and failed to act as similarly situated businesses in like circumstances.

41.

Defendant was negligent *per se* for having committed acts or omissions inconsistent with their statutory duty under O.C.G.A. § 51-3-1 to keep the premises and approaches of the Sierra Ridge Apartments safe for its invitees, including Dallas L. Spruill.

42.

Defendant had a duty, pursuant to O.C.G.A. § 44-7-13, to keep the premises of the Sierra Ridge Apartments in repair. Defendant breached this duty and are therefore liable under O.C.G.A. § 44-7-14.

43.

Defendant had actual and constructive knowledge of the dangerous and hazardous conditions existing on and around the subject premises through the knowledge of its employees

7

and agents and due to the prior criminal activity and dangers associated with the subject premises and the surrounding areas.

44.

Defendant failed to maintain a policy, procedure, or system of investigating, reporting, and warning of criminal activity on the premises and approaches.

45.

Because Defendant had knowledge of or, in the exercise of reasonable care, should have had knowledge of the dangerous environment of the premises, Defendant is liable for the negligent supervision, hiring, training, and retention of its employees and for the entrustment of the premises to its agents and employees. This negligence proximately caused the death of Dallas L. Spruill.

46.

Defendant represented to the invitees of the Sierra Ridge Apartments that the premises were properly maintained and reasonably safe.

47.

Defendant negligently failed to act on its knowledge of prior crimes, and failed to act to correct, prevent or warn of prior criminal activity and the dangerous environment at the subject premises.

48.

Despite its actual knowledge of the dangerous environment of the premises and absence of adequate security measures, Defendant failed to take appropriate action to remedy or reduce the danger to the invitees, including Dallas Spruill, and allowed the dangerous environment on the premises to continue to exist unabated, thereby creating a nuisance.

49.

Defendant had knowledge of the nuisance and allowed said nuisance to continue.

50.

As a direct and proximate result of said nuisance, Mr. Spruill sustained serious injuries and died.

51.

Defendant is liable for maintaining a public nuisance pursuant to O.C.G.A. § 41-1-3.

52.

Each of the foregoing tortious acts and omissions constitute an independent act of negligence on the part of Defendant and one or more or all of the above stated acts and omissions proximately caused the death of Dallas L. Spruill.

53.

Dallas L. Spruill's death was the direct and proximate result of the acts and omissions of Defendant. But for said acts and omissions, Mr. Spruill would not have died.

54.

Defendant's acts and omissions as described herein were a cause in fact and a proximate cause of the injuries to and death of Mr. Spruill.

55.

The injuries to and death of Mr. Spruill were and are a direct and proximate result of the acts and omissions of Defendant. But for said acts and omissions, Plaintiff would not have suffered injuries.

56.

Defendant is liable for Mr. Spruill's injuries, pain and suffering, wrongful death, and all

other elements of damages allowed under the laws of the State of Georgia.

57.

Defendant was negligent for all other acts of negligence as may be shown at trial.

58.

Plaintiff brings this wrongful death action as the surviving mother of Mr. Spruill, seeking the full value of the life of Mr. Spruill, economic and intangible, to himself had he lived. Plaintiff seeks all wrongful death damages permitted under Georgia law in an amount to be determined by the enlightened conscious of a fair and impartial jury.

59.

Plaintiff Tamisha Hudson, as Administrator of the Estate of Dallas L. Spruill, deceased, claims general damages for all the elements of the conscious physical and mental pain and suffering endured by Mr. Spruill prior to his death proximately caused by the shooting incident at issue.

60.

Plaintiff Tamisha Hudson, as Administrator of the Estate of Dallas L. Spruill, deceased, claims all special damages permitted under Georgia law representing the reasonable and fair value of the funeral and burial expenses incurred as a result of the shooting incident at issue.

61.

Plaintiff Tamisha Hudson, as Administrator of the Estate of Dallas L. Spruill, deceased, seeks all other estate-based damages permitted under Georgia law in an amount to be determined by the enlightened conscious of a fair and impartial jury.

62.

Plaintiff states her intention to seek all compensatory, special, economic, consequential,

general, punitive, and all other damages permissible under Georgia Law, including, but not limited to, the damages specifically referenced herein.

63.

Plaintiff is entitled to recover punitive damages from Defendant because the actions of Defendants and its agents and employees showed willful misconduct, malice, fraud, wantonness, oppression, or an entire want of care which would raise the presumption of conscious indifference to consequences. Accordingly, Plaintiff is entitled to recover punitive damages from Defendant in an amount to be determined by the enlightened conscience of an impartial jury.

64.

Defendant's actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other applicable statutory or common law basis.

WHEREFORE, Plaintiff prays that:

(a)   Process be issued as provided by law;

(b)   Plaintiff be awarded actual damages in amounts to be shown at trial from Defendants;

(c)   Plaintiff be awarded all medical, doctor and funeral expenses in an amount to be proven through the evidence at the time of trial;

(d)   Plaintiff be awarded all damages for the wrongful death of Dallas L. Spruill and all general, special, compensatory, economic and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendant and as permitted under Georgia law;

(e) Plaintiff recover any and all estate based damages allowed by law, including for conscious pain and suffering, as well as all general, special, compensatory, and economic damages from Defendant, and punitive damages from Defendant, in accordance with the enlightened conscience of an impartial jury;

(f) Plaintiff have and recover damages sufficient to compensate them fully, fairly, and completely for all of their losses compensable under Georgia law as set forth above;

(g) All costs be cast against the Defendant;

(h) Plaintiff has a trial by jury; and

(i) Plaintiff has such other relief as this Court deems just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**.

This 7th day of June, 2018.

Respectfully submitted,

**PRATT CLAY, LLC**

*/s/ Brian C. Mickelsen*
Charles L. Clay, Jr.
Georgia Bar No. 129505
Brian C. Mickelsen
Georgia Bar No. 300307

4401 Northside Parkway, Suite 520
Atlanta, GA 30303
(404) 949-8118

**THE MURRAY LAW FIRM**

*/s/ Mark E. Murray*
Mark E. Murray
Georgia Bar No. 532002

2233 Peachtree Road NE
The Astoria 306
Atlanta, GA 30309

*Attorneys for Plaintiff*